[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11973

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES ALLEN SHOOK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00016-BJD-MCR-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

James Shook appeals his above-guideline 240-month sentence for attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. §§ 2422(b), 2426. On appeal, he argues that this sentence is substantively unreasonable because the district court's justifications for varying upward by 120 months were insufficiently compelling, and it clearly erred in weighing the 18 U.S.C. § 3553(a) factors. After thorough review, we affirm.

In determining whether a sentence is substantively reasonable, we review for abuse of discretion, regardless of whether the sentence falls inside or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] The court must consider all of the § 3553(a) factors, but

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the

it may give greater weight to some factors over others -- a decision that is within its sound discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). District courts have considerable discretion in weighing the § 3553(a) factors and deciding the extent to which they justify a variance. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

Still, a major variance requires "a more significant justification than a minor one -- the requirement is that the justification be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*) (quotations omitted). A sentence also may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. *Pugh*, 515 F.3d at 1191–92. A sentence that suffers from one of these symptoms is not *per se* unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. *Id.* at 1192. "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is

---

sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will vacate the sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted).

District courts need not explicitly address "each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). Instead, an acknowledgment by the court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* at 1354-55.

The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *Rosales-Bruno*, 789 F.3d at 1256. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Shook has not shown that his 240-month sentence for attempting to entice a minor to engage in sexual activity is substantively unreasonable. In exercising its considerable discretion, the district court provided several justifications for its 120-month upward variance -- the seriousness of the offense, Shook's history, deterrence, and protecting the public. As the record reflects, Shook

admitted to a long history of inappropriate sexual activity toward children, including many, possibly hundreds of instances of exposing his genitals to children and masturbating in front of them, in addition to possessing images of child pornography. Some of these crimes were never formally prosecuted, and many were too old to be included in his criminal history. Moreover, past counseling, probation, and incarceration had not curbed his acting on his sexual desire toward children; to the contrary, his crimes had escalated over time, from exhibitionism to attempting to engage minors in sexual acts. On this record, we cannot say that the district court abused its discretion in focusing on the need to protect the public and provide deterrence in justifying its upward variance.

As for Shook's argument that the court did not sufficiently consider what his age will be at the time of his release -- 68 years old -- we disagree. For starters, Shook's expert did not establish that he would have no risk of recidivism after age 60. Further, the expert admitted that based on Shook's history, a risk-assessment analysis would show him to have an elevated risk of recidivism. In any event, the district court expressly considered Shook's mitigating arguments, including his expert's opinion that he was amenable to treatment, and the court's rejection of these factors in light of § 3553(a) was more than sufficient. In addition, Shook's 240-month sentence is well below his maximum of life, which indicates reasonableness. Accordingly, we affirm.

**AFFIRMED**.